16-1612-ag
De Leon-Solis v. Sessions

BIA
Vomacka, IJ
A088 444 325

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand seventeen.

PRESENT:    RALPH K. WINTER,
            REENA RAGGI,
                        *Circuit Judges*,
            ALVIN K. HELLERSTEIN,
                        *District Judge.**

_____

ELVER DE LEON-SOLIS,
                        *Petitioner*,


            v.                                          No. 16-1612-ag


JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
                        *Respondent*.

_____


APPEARING FOR PETITIONER:      THEODORE G. HARTMAN (S. Michael Musa-Obregon, Sergei Orel, *on the brief*), Musa-Obregon and Associates, Maspeth, New York.

_____

\* Judge Alvin K. Hellerstein, of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR RESPONDENT: CHAD A. READLER, Acting Assistant Attorney General (Terri J. Scadron, Assistant Director, Hillel R. Smith, Trial Attorney, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Elver De Leon-Solis, a native and citizen of Guatemala, seeks review of the BIA's April 26, 2016 affirmance of an Immigration Judge's ("IJ's") September 30, 2015 denial of cancellation of removal. *See In re Elver De Leon-Solis,* No. A088 444 325 (B.I.A. Apr. 26, 2016), *aff'g* No. A088 444 325 (Immig. Ct. N.Y.C. Sept. 30, 2015). Under the circumstances of this case, we review the IJ's decision as modified by that of the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Specifically, because the BIA did not reach the IJ's moral character ruling, we consider only its conclusion that De Leon-Solis failed to show that his removal would cause hardship to his U.S.-citizen daughter. In conducting our review, we assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to dismiss the petition.

To demonstrate eligibility for cancellation of removal, a nonpermanent resident such as De Leon-Solis must establish, among other things, that his "removal would result in exceptional and extremely unusual hardship to" a qualifying relative, here, his U.S.-citizen daughter. 8 U.S.C. § 1229b(b)(1)(D). An "exceptional and extremely unusual hardship" is one that is substantially beyond the ordinary hardship that would be

2

expected when a close family member leaves the country, and is "limited to truly exceptional situations." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (internal quotation marks omitted); *see Barco-Sandoval v. Gonzales*, 516 F.3d 35, 38 (2d Cir. 2008). In making this hardship determination, the agency considers "the age, health, and circumstances of the qualifying family members, including how a lower standard of living or adverse country conditions in the country of return might affect those relatives." *In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 468 (B.I.A. 2002) (citing *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63).

De Leon-Solis argues that the agency failed properly to consider evidence of potential hardship to his U.S.-citizen daughter in his absence, in light of his wife's illness and of his providing the sole financial support for his family. In this context, our review is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d at 39. Although a failure to consider relevant factors implicates a question of law, *see Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2006), the record here reflects that the agency *did* consider the appropriate factors. It noted that De Leon-Solis's three-year-old daughter was in good health and would continue living in the United States with her mother, and it explicitly acknowledged De Leon-Solis's other concerns—including his wife's illness, the close relationship De Leon-Solis shares with his daughter, and the singular financial support he provides. Nevertheless, the agency concluded that those concerns did not rise to the level of "exceptional and extremely unusual hardship." 8 U.S.C. § 1229b(b)(1)(D). Accordingly, De Leon-Solis's challenges to the denial of cancellation do not raise

3

questions of law but instead "'quarrel[] over the correctness of the factual findings or justification for the discretionary choices' made by the agency, . . . [which we] lack jurisdiction to review." *Barco-Sandoval v. Gonzales*, 516 F.3d at 42 (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006)).

We have considered De Leon-Solis's remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is DISMISSED for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4